IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| RAMONE RAMIREZ, | ) |
| | ) |
| Plaintiff | ) 1:23-CV-00332-SPB |
| | ) |
| vs. | ) SUSAN PARADISE BAXTER |
| | ) United States District Judge |
| | ) |
| ERIE COUNTY PRISON, DEPUTY | ) |
| WARDEN HOLMAN, COUNSELOR | ) RICHARD A. LANZILLO |
| HEATHER MARTIN, | ) Chief United States Magistrate Judge |
| | ) |
| | ) |
| Defendants | ) Report and Recommendation on Defendants' |
| | ) Motion to Dismiss |
| | ) |
| | ) ECF NO. 12 |
| | ) |

## I. Recommendation

Plaintiff Ramone Ramirez ("Ramirez") commenced this action pursuant to 42 U.S.C. § 1983 against the Erie County Prison ("ECP"), where Ramirez was previously detained, and two ECP employees, Deputy Warden Holman and Counselor Heather Martin. *See* ECF No. 6. He seeks damages and other relief for violations of his freedom of speech and religious exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and for violation of his due process rights under the Fourteenth Amendment. Defendants have moved to dismiss Ramirez's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 12. For the reasons discussed in this Report, it is respectfully recommended that Defendants' motion be GRANTED.

## II. Report

### A. Relevant Procedural Posture

Defendants filed their motion to dismiss and supporting brief on May 21, 2024. *See* ECF Nos. 12 and 14. Ramirez was ordered to respond to Defendants' motion by July 1, 2024. He failed

to do so. On September 11, 2024, Ramirez was ordered to show cause for his failure to respond by September 25, 2024. *See* ECF No. 20. To date, Ramirez has not responded to Defendants' motion or explained his failure to do so. Nor has he notified the Court of any change of address.[1] The Court will, therefore, decide the Defendants' motion without the benefit of any response from Ramirez.

### B. Standard of Review

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

In making its determination under Rule 12(b)(6), the Court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a

---

[1] Pro se litigants have an affirmative obligation to notify the court of any change in that party's address and failure to do so does not excuse a pro se litigant's failure to prosecute his action or comply with court deadlines. *See, e.g., Williams v. Cambridge Integrated Services Group*, 235 Fed. App'x. 870, 873 (3d Cir.2007) (upholding denial of Rule 60(b) motion where plaintiff, *inter alia*, failed to update his address of record in the district court); *Peterson v. Glunt*, 2011 WL 6955812, at *2 (W.D. Pa. Dec. 8, 2011), *report and recommendation adopted*, 2012 WL 28240 (W.D. Pa. Jan. 5, 2012).

complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Ramirez is proceeding pro se, his Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read his *pro se* litigant's pleading to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969). Despite this leniency, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### C. Factual Allegations and Claims

The following facts are accepted as true for purposes of the Defendants' motion to dismiss. Ramirez is a practicing Muslim. During his confinement in the ECP, in or around the end of October to the beginning of November, Ramirez was denied access to a "Muslim Thiliam Class" on several occasions.[2] *See* ECF No. 6 ¶ 12. Access to this class was denied due to a separation order between Ramirez and another inmate. *Id.*, ¶ 13. Ramirez asserts that there are no issues or conflicts between himself and the other inmate. *Id.*, ¶ 14. Ramirez further alleges that when he requested this separation be removed, he was denied without reason, and that he was unable to file a grievance because Defendants Holman and Martin often prevent inmates from utilizing the

---

[2] Ramirez does not explain how this class relates to his religion or religious practices. The Court's research has identified no reference to "Thiliam" as it relates to Islam or any other religion. The closest religious term identified by the Court is "Taaleem," which is an Arabic word that translates to "education" in English.

4

grievance procedure. *Id.*, at ¶¶ 15-18. He claims that the Defendants' conduct unlawfully burdened his right to exercise his religion in violation of the RLUIPA, 42 U.S.C. § 2000, and the First Amendment, and violated his right to procedural due process under the Fourteenth Amendment. *Id.*, ¶¶ 20-23.

### D. Discussion

#### 1. Ramirez's RLUIPA claim and any request for injunctive relief should be Dismissed as Moot.

The RLUIPA provides that "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that the burden ... is in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that ... interest." 42 U.S.C. § 2000cc-1(a). The RLUIPA imposes a two-pronged strict scrutiny test on government regulations that may substantially burden an individual's exercise of religion. *See Nunez v. Wolf*, 2024 WL 3948020 (3d Cir. Aug. 27, 2024). This framework establishes a high standard for government action, particularly in the context of prisons, where both the nature of the compelling interests and the means used to address them carry unique implications. *See id.* If the plaintiff "produces *prima facie* evidence to support a claim ... the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion." 42 U.S.C. § 2000cc–2(b); *See also Tootle v. Long*, 2021 WL 3610034, at *3 (W.D. Pa. July 19, 2021), *report and recommendation adopted*, 2021 WL 3603621 (W.D. Pa. Aug. 13, 2021).

Monetary relief, however, is not a remedy available to a plaintiff under the RLUIPA. *See Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012) (citing *Sossamon v. Texas*, 563 U.S. 277,

289-93 (2011)). "A RLUIPA cause of action is an official-capacity claim for declaratory and injunctive relief." *Barros v. Wetzel*, 2015 WL 5785746, at *4 (M.D. Pa. Sept. 29, 2015). *See also Small v. Wetzel*, 528 Fed. App'x. 202, 208 (3d Cir. 2013). A claim for injunctive relief becomes moot where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Ramirez is no longer detained or otherwise housed at the ECP. Accordingly, his request for injunctive relief against the ECP is moot. *See Sharp v. Johnson*, 669 F.3d at 153 (holding that plaintiff's "[c]laims for injunctive relief were mooted by his transfer from SCI–Pittsburgh and SCI–Greene to SCI–Dallas, and that RLUIPA does not permit recovery against Defendants in their official or individual capacities."). Therefore, it is respectfully recommended that Ramirez's RLUIPA claim and any other claims for injunctive relief be dismissed as moot.

> **2. Ramirez's Complaint fails to a state First Amendment claim because it does not allege facts to support a finding that any defendant substantially burdened his religious exercise.**

The Free Exercise Clause of the First Amendment provides, *inter alia,* that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ..." U.S. Const. Amend. 1. The United States Supreme Court has explained that "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987) (citations omitted). That said, only beliefs considered sincerely held and religious in nature receive constitutional protection, and "the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (en banc); *see Wisconsin v. Yoder*, 406 U.S. 205, 215-19 (1972).

The Third Circuit requires a plaintiff claiming a violation of First Amendment rights to religious freedom to demonstrate that the defendant's conduct has placed a substantial burden on the plaintiff's ability to practice his or her religious beliefs. *See Parson v. Phelps*, 193 F. Supp. 3d 353, 359 (D. Del. 2016). A substantial burden exists where the facts alleged support that: (1) the plaintiff must decide between following his religious beliefs and forgoing benefits given to other inmates versus abandoning his beliefs to retain those benefits; or (2) there is substantial pressure placed on the follower to "substantially modify his behavior and to violate his beliefs." *Ford v. Bureau of Prisons*, 570 Fed. App'x. 246, 250 (3d Cir. 2014).

Here, Ramirez alleges only that in or around the end of October to the beginning of November, Ramirez was denied access to a "Muslim Thiliam Class" on several occasions. ECF No. 6, ¶ 12. Ramirez does not identify who denied him access to this class, but he does acknowledge that his access was denied based on the existence of a "separation order" that prohibited him from contact with another inmate at the ECP. *Id.*, ¶¶ 13-15. He also does not allege facts to explain the connection or significance, if any, the class has or had to his religion or religious practices. His Complaint, therefore, failed to support that any Defendant has substantially burdened the exercise of his religion. *See Walker v. Martuscello*, 2019 WL 7971881, at *11 (N.D.N.Y. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 132313 (N.D.N.Y. Jan. 13, 2020) (holding that complaint failed to state a First Amendment free exercise claim where it had "not sufficiently pleaded how the 'frequent' cancellation of the NOI [Nation of Islam] class substantially burdened his ability to practice his religion because he has not set forth facts plausibly suggesting that the NOI Class was 'central or important' to the practice of his religion"); *Sassi v. Dutchess Cty.*, 2017 WL 4773320, at *8 (N.D.N.Y. Oct. 20, 2017) (dismissing plaintiff's free exercise claim where he failed to allege facts to support a finding that preventing him from

accessing a Bible for seven days or attending Bible study classes during his incarceration in the Warren County Jail substantially burdened any sincerely held religious belief). *See also Blabock v. Jacobsen*, 2014 WL 5324326, at * 7 (S.D.N.Y. Oct. 20, 2014) (dismissing inmate plaintiff's claims alleging a violation of Free Exercise Clause because missing two Muslim religious services while awaiting disciplinary hearing did not substantially burden the plaintiff's ability to freely exercise his religion); *Shapiro v. Community First Services, Inc.*, 2014 WL 1276479, at * 11 (E.D.N.Y. Mar. 27, 2014) (holding missing two religious services poses only an insubstantial burden on an inmate's free exercise of his religion); *Williams v. Weaver*, 2006 WL 2794417, at * 5 (N.D.N.Y. Sept. 26, 2006) (missing two Muslim religious services and two Muslim religious classes did not arise to constitutional violation). For these reasons it is respectfully recommended that Ramirez's First Amendment free exercise claim be dismissed. Because the Court cannot say with certainty, however, that Ramirez cannot allege additional facts to support this claim, dismissal should be without prejudice and with leave to amend.

### 3. Ramirez's First Amendment Claim Based on Frustrations with the Grievance Process Should be Dismissed with Prejudice.

Ramirez's due process claim based on the unavailability of the ECP's grievance process fail as a matter of law. Inmates and detainees have no constitutional right to prison grievance process. *See Burnside v. Moser*, 138 Fed. App'x. 414, 416 (3d Cir. 2005). Additionally, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." *Hoover v. Watson,* 886 F. Supp. 410, 418 (D. Del. 1995), *aff'd* 74 F.3d 1226 (3d Cir. 1995). Furthermore, Ramirez has sustained no injury because of being denied access to the grievance system. The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust "such administrative remedies as are available" before suing to challenge prison conditions. 42 U.S.C. § 1997e(a). If Defendants denied Ramirez a grievance form or otherwise frustrated his ability to

avail himself of the grievance process, this would result in the "unavailability" of his administrative remedies. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Such unavailability would not, as Ramirez alleges, impede his access to federal court. Rather, it would result in his grievance remedy being "deemed exhausted" and free him to file his lawsuit without completing the grievance process. *Id*; *see also Scutella v. Erie Cnty. Prison*, 2020 WL 5366043, at *4 (W.D. Pa. Sept. 8, 2020). This is precisely what he did in this case. For these reasons, it is respectfully recommended that Ramirez's Fourteenth Amendment due process claim be dismissed with prejudice. The deficiencies of this claim cannot be cured by amendment.

### III. Conclusion

For the foregoing reasons, it is respectfully recommended that the claims of Ramirez's Complaint be DISMISSED. Ramirez's RLUIPA claim and his Fourteenth Amendment due process claim should be dismissed with prejudice because the defects in these claims cannot be cured by amendment. His First Amendment free exercise of religion claim should be dismissed without prejudice and with leave to file an amended complaint limited to this claim. If Ramirez fails to file an amended complaint within a period set by the Court following adoption of this recommendation, Ramirez's First Amendment free exercise claim should be dismissed with prejudice and the Clerk of the Court should be directed to close this case.

### IV. Notice Regarding Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of

appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

    Respectfully submitted this 23rd day of October 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE